IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60886
Summary Calendar
_____


RICHARD BARRETT,                              Plaintiff-Appellant,

                              versus

UNIVERSITY OF MISSISSIPPI; ET AL.,

                              Defendants,

UNIVERSITY OF MISSISSIPPI; ROBERT KHAYAT,
Chancellor of the University of Mississippi;
PETE BOONE, Former Athletic Director of the
University of Mississippi; TOMMY TUBERVILLE,
Head Football Coach of the University of
Mississippi; DON WOOD, Policeman of the
University of Mississippi; CALVIN SELLERS,
Policeman of the University of Mississippi;
ANDY MULLINS, Member of the Chancellor's
Cabinet of the University of Mississippi;
DON FRUGE, Member of the Chancellor's Cabinet
of the University of Mississippi; CAROLYN
STATON, Member of the Chancellor's Cabinet
of the University of Mississippi;
DICK MULLENDORE, Member of the
Chancellor's Cabinet of the University of
Mississippi; GLORIA KELLUM, Member of the
Chancellor's Cabinet of the University of
Mississippi; GERALD WALTON, Member of the
Chancellor's Cabinet of the University of
Mississippi; MAURICE EFINK, Member of the
Chancellor's Cabinet of the University of
Mississippi; REX DELOACH, Member of the
Chancellor's Cabinet of the University of
Mississippi; THOMAS WALLACE, Member of the
Chancellor's Cabinet of the University of
Mississippi; ED MEEK, Member of the
Chancellor's Cabinet of the University of
Mississippi,

                              Defendants-Appellees.
_____

Appeal from the United States District Court for the
Northern District of Mississippi
USDC No. 3:97-CV-211-B-A

August 18, 2000

Before JOLLY, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Richard Barrett appeals the summary judgment dismissal of his complaint brought pursuant to 42 U.S.C. § 1981. In his complaint, Barrett challenged the constitutionality of the University defendants' game management policies, which prohibited spectators from carrying sticks and large flags or banners into the University's football stadium during athletic contests.

Barrett first avers in a conclusional fashion that the district court erred in striking the affidavits and other documents offered in support of his opposition to the motion for summary judgment. There was no error. See Fed. R. Civ. P. 56(e); Geiserman v. MacDonald, 893 F.2d 787, 792-93 (5th Cir. 1990).

Barrett contends further that the district court erred in granting summary judgment in favor of the University defendants. We have reviewed the briefs and the record and hold that the district court did not err in granting summary judgment for the University defendants. As the record stands, there was no genuine

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue as to any material fact, and the University defendants were entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The district court did not err in finding that Barrett's flag waving was not expressive conduct and that the game management policies were constitutional.

Finally, Barrett avers that the district court erred in staying discovery. This court reviews a district court's discovery orders for abuse of discretion. McKethan v. Texas Farm Bureau, 996 F.2d 734, 738 (5th Cir. 1993). Because the University defendants raised qualified immunity as a defense, the district court could not allow discovery to proceed until this question was resolved. Siegert v. Gilley, 500 U.S. 226, 232 (1991). Thus, the district court's decision to stay discovery was not an abuse of discretion.

A F F I R M E D.