IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30697
Summary Calendar
_____

A.C. WHITAKER,

Plaintiff-Appellant,

versus

H.A. HENRY, ET AL.,

Defendants,

H.A. HENRY; WILLIAM BATES, LENARD BONNETTE,
Sergeant; MICHAEL J. MCCONNELL, Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-516
--------------------
July 6, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

A. C. Whitaker appeals from the jury's verdict in favor of

the defendants-appellees in his 42 U.S.C. § 1983 civil rights

suit.  Whitaker argues that the district court abused its

discretion in granting summary judgment in favor of the City of

Shreveport (the "City") and Police Chief Steve Prator.  He

further contends that the district court abused its discretion in

excluding the transcript of his state court criminal proceeding

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

as an exhibit at trial, and in excluding evidence of Whitaker's emotional damages. If his argument is liberally construed, Whitaker also asserts that the jury's verdict was contrary to the evidence presented at trial. In his final argument, Whitaker argues that the district court abused its discretion in denying his post-verdict motion for a new trial.

Whitaker has failed to identify a policy sufficient to sustain a cause of action against the City under 42 U.S.C. § 1983. See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978). Furthermore, he has failed to allege that Police Chief Prator affirmatively participated in any acts or implemented any policy that implicate 42 U.S.C. § 1983. See Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996). Accordingly, the district court did not err in granting summary judgment in favor of these defendants.

The district court did not abuse its discretion in excluding the transcript of Whitaker's state court proceeding and the evidence of his emotional injury. Kona Technology Corp. v. Southern Pacific Transp. Co., 225 F.3d 595, 602 (5th Cir. 2000); Pfannstiel v. City of Marion, 918 F.2d 1178, 1184 (5th Cir. 1990); Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990). We also hold that the jury's verdict was supported by the evidence presented at trial and that the district court did not abuse its discretion in denying Whitaker's motion for a new trial. See Coughlin v. Capitol Cement Co., 571 F.2d 290, 297 (5th Cir. 1978); Streber v. Hunter, 221 F.3d 701, 736 (5th Cir. 2000).

AFFIRMED.