John E. GRIFFIN,

v.

CITY OF ALEXANDRIA, et al.

No. CIV.A. 00–2113.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Jan. 31, 2003.

---

Howard N. Nugent, Jr., Alexandria, LA, for John E. Griffin, plaintiff.

H. Bradford Calvit, Provosty Sadler & de-Launay, Alexandria, LA, for City of Alexandria, John Lyons, Vincent Powell, defendants.

### *MEMORANDUM RULING*

LITTLE, District Judge.

Before this court is plaintiff John Griffin's Motion to Reopen. Doc. No. 22. Defendants City of Alexandria, Officer John Lyons, and Officer Vincent Powell ("defendants") oppose the motion, stating that plaintiff has not shown good cause to reopen the case. Doc. No. 24. For the following reasons, plaintiff's motion is DENIED.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff was arrested by Officers Lyons and Powell on 5 November 1999. In connection with that arrest, plaintiff was convicted, on or about 18 April 2000, of running a stop sign, driving an unsafe vehicle, driving under suspension, and possession of drug paraphernalia. On or about 12 September 2000, plaintiff filed an action in this court stemming from injuries allegedly sustained during the course of the 5 November 1999 arrest.

On or about 31 July 2002, this court granted defendants' motion for partial summary judgment and left three of plaintiff's claims remaining. The remaining claims were: (1) a claim for excessive use of force against Lyons and Powell under 42 U.S.C. § 1983; (2) a state law claim for excessive use of force against Lyons and Powell; and (3) vicarious liability claim against the City of Alexandria pursuant to state law. *See* Doc. No. 19. On or about 1 August 2002, this court issued a judgment of dismissal for failure to comply with court orders concerning pretrial filings and failure to appear or request relief from attendance at the pretrial conference held 1 August 2002. *See* Doc. No. 21. Pursuant to Federal Rule of Civil Procedure ("FRCP") 16(f), this court dismissed with prejudice the case with the right to reopen within 30 days upon good cause shown. *Id.* Plaintiff timely filed the motion that is presently before the court asking to reopen the case.

Plaintiff's counsel, Howard Nugent, concedes that he did not attend the 1 August 2002 pretrial conference. Nugent explains to the court that his absence was due to a filing mistake made by a paralegal. Nugent alleges that a paralegal misread the court's notice of the pretrial conference as cancelling the conference. Further, Nugent contends that the paralegal subsequently filed the order without ever showing him the document. Nugent alleges that he never knew about the 1 August 2002 conference until presumably this court's judgment of dismissal entered that same day. Finally, Nugent contends that "[t]he explanation of the undersigned counsel does not involve a conscious disregard of this Court's order, nor an intended action on the part of the plaintiff." Doc. No. 22.

The court order dated 28 January 2002 provided notice to the parties of the 1 August 2002 pretrial conference. *See* Doc. No. 18. In addition, the court noted that the pretrial stipulations were not filed timely and resulted in sanctions against plaintiff's attorney for non-filing and cancellation of the previously scheduled conference. *Id.*

## II. LAW AND ANALYSIS

Rule 16(f) states that "[i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Rule 37(b)(2)(C) provides that a court may issue an order "dismissing the action or proceeding or any part thereof."

Here, Nugent attempts to show good cause by explaining the error made by a paralegal in misfiling the court's order. The Fifth Circuit explored the merits of a similar excuse in *Geiserman v. MacDonald,* 893 F.2d 787 (5th Cir.1990). In *Geiserman,* the plaintiff missed two court deadlines for designating expert witnesses. The district court granted the defendant's motion to strike the expert witness designations. In evaluating plaintiff's various excuses for missing the deadlines, the Fifth Circuit stated "that the omission resulted from a scheduling mistake in counsel's office, is not the type of satisfactory explanation for which relief may be granted." *Id.* at 791. We find the same in the instant case.

After cancelling the previous pretrial conference due to plaintiff's error, Nugent should have been well aware that the court wished to reschedule the conference. Furthermore, the court order [Doc. No. 18] contained notice of a sanction against counsel making the document even more prominent. These factors highly suggest that plaintiff's attorney should have been on notice of the court order and taken active measures to inquire about the date of the pretrial conference. We find the mistake of counsel will not suffice to establish good cause. Accordingly, plaintiff's motion to reopen is DENIED.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to reopen is DENIED.