United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-60774
Summary Calendar
_____

CATHY GILLESPIE,

Plaintiff - Appellant,

versus

B L DEVELOPMENT CORPORATION, doing
business as The Grand Casino,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No.:  2:01-CV-109-B-B

_____

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Cathy Gillespie was employed as a floor supervisor by the Grand Casino in Tunica, Mississippi.  On May 30, 2000, Lorenzo Johnson, who was working as a box person[**] at a craps table, stole gaming chips worth approximately $5200.  Following an investigation into the thefts, Gillespie was discharged.  The vice president of table games testified in his deposition that his decision to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**]The box person at a craps table generally serves as the "banker" for the game.

discharge Gillespie was based on the following: (1) Gillespie was primarily responsible for supervising Johnson at the time of the thefts of the chips; (2) the majority of the thefts, including the thefts of the $500 chips, occurred while Gillespie was supervising Johnson; (3) Gillespie had sixteen years' experience in the gaming industry and should have noticed and/or prevented the thefts; and (4) casino management wanted to "tighten up" procedures on the floor.

Gillespie filed a Title VII action against the casino, alleging that she was discharged because of her gender, and that similarly situated male employees were not disciplined. The parties consented to disposition by a magistrate judge. The casino moved for summary judgment. Two weeks after Gillespie's response to the summary judgment motion was due, she filed her response, along with a motion for a retroactive grant of an extension of time to respond. On that same day, the magistrate judge granted the casino's motion for summary judgment. The next day, the magistrate judge denied Gillespie's motion for a retroactive extension of time, holding that counsel's involvement with other matters was not a sufficient excuse for the two-week delay in responding to the motion. The magistrate judge stated further that he was confident that the undisputed facts supported judgment for the casino as a matter of law.

On appeal, Gillespie argues that the magistrate judge abused his discretion by denying her request for an extension of time. She also argues that the district court erred by granting summary judgment for the casino, because it failed to consider that she was similarly situated to other male supervisors who were not discharged, or even disciplined, for the same incident. She contends that there is a genuine issue of material fact as to whether the casino's stated reasons for her discharge were a mere pretext for intentional discrimination.

The magistrate judge did not abuse his discretion by refusing to grant Gillespie's motion for a retroactive extension of time to respond to the casino's motion for summary judgment. The only reason offered to explain the lateness of the response was counsel's busy schedule:

> [P]laintiff's counsel is currently involved in the discovery phases of two class action litigation matters, along with the trial of a separate employment litigation matter, all of which have taken a substantial amount of his time. Counsel submits that a response to the motion requires a substantial period of uninterrupted time, which his schedule has not permitted him thus far.

Such excuses are insufficient to demonstrate excusable neglect under Federal Rule of Civil Procedure 6(b)(2) (court may in its discretion extend time "upon motion made after the expiration of the specified period ... where the failure to act was the result of excusable neglect"). See McLaughlin v. City of LaGrange, 662 F.2d

3

1385, 1387 (11th Cir. 1981) (district court did not abuse its discretion by denying request for additional time to respond to motion for summary judgment where motion was filed four days late and the only basis for "excusable neglect" was that counsel was a solo practitioner and was engaged in the preparation of other cases); see also Geiserman v. MacDonald, 893 F.2d 787, 793 (5th Cir. 1990) (where counsel failed to demonstrate excusable neglect, district court did not abuse its discretion in refusing to consider untimely answers to interrogatories which were not appended to opposition to summary judgment motion) (citing McLaughlin).

We conclude further that the magistrate judge did not err by granting the casino's motion for summary judgment. The casino supported its motion with evidence demonstrating the absence of a genuine issue of material fact, and it offered legitimate, non-discriminatory reasons for Gillespie's discharge. Gillespie failed to point to specific evidence that similarly situated employees were treated differently under nearly identical circumstances. Gillespie argues that she is similarly situated to two male floor supervisors who were responsible for the game at the time of the thefts, because each of them had nearly identical relevant experience and each of them was responsible for supervising the game at which the thefts occurred. The summary judgment evidence, however, is that the two male supervisors worked only as "relief" supervisors for the game where the thefts occurred, and that

4

Gillespie was primarily responsible for supervising the game. Moreover, Gillespie, and not either of the male relief supervisors, was supervising the game when the $500 chips were stolen. Furthermore, Gillespie has not shown that there is a genuine issue of material fact as to whether the casino's explanation for her discharge was a pretext for discrimination on the basis of her gender.

For the foregoing reasons, the summary judgment is

A F F I R M E D.