United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 05-10700

(Summary Calendar)

_____

MICHAEL G SKENNION,

                              Plaintiff - Appellant,

versus

DORIS GODINEZ; ET AL,

                              Defendants

JOHN E POTTER, Postmaster General of the US Postal Service

                              Defendant - Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
No. 3:04-CV-1260

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff Michael Skennion appeals the district court's summary judgment for the defendant John Potter, Postmaster General of the United States. The issues on appeal are whether Skennion presented direct evidence of age, race, or sex discrimination and if not, whether Skennion met his summary judgment burden under *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

Doris Godinez, Managing Counsel of the Southwest Law Office of the United States Postal Service hired Skennion, a white male over the age of forty, as a probationary lawyer at its Dallas legal office in September 1999. Godinez, an Hispanic female, assigned him to the Post Office's real estate team, which was headed by Sandra McFeeley, a female. McFeeley criticized and corrected Skennion's work on numerous occasions. On March 6, Godinez informed Skennion that she did not believe he was a good fit for the office and that she was considering terminating him at the end of his probationary period. On March 13, 2000, Godinez terminated Skennion, purportedly because of his poor work product. He subsequently brought this action alleging sex and race discrimination in violation of Title VII, 42 U.S.C. § 2000e, and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a).

This court reviews a grant of summary judgment *de novo*, employing the same standard as the district court. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). Summary judgment is appropriate if the submissions establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). A plaintiff alleging claims of employment discrimination can present either direct evidence of the employer's discriminatory animus or circumstantial evidence of discrimination, which is evaluated under the *McDonnell Douglas* burden-shifting framework. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

Skennion argues that he proffered sufficient direct and circumstantial evidence of age, race, and sex discrimination to survive summary judgment. Where the employee produces direct evidence that a discriminatory animus played a role in the adverse employment decision, the burden of persuasion shifts to the employer to prove that the same adverse action would have occurred regardless of discriminatory animus. *Id*. "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002).

Skennion argues that the testimony of his secretary, Julie Rosiles, provides direct evidence of Godinez's and McFeeley's discriminatory animus. Rosiles testified at an Equal Opportunity Commission Hearing that, in her opinion, the postal service did not treat Skennion's work the same as that of Elaina Alejandre, an Hispanic female attorney. Specifically, Rosiles testified that "transmittal letters" drafted by Skennion were frequently corrected. Rosiles testified that once, as an experiment, she utilized one of Alejandre's form transmittal letters, and substituted Skennion's name on it. The transmittal letter "got halted up and got changed." Rosiles also testified, however, that she did not know why Skennion was treated differently from other attorneys.

The district court did not err in concluding that Skennion failed to proffer direct evidence of discrimination. Evidence that Skennion's work was subjected to heightened scrutiny does not by itself produce an inference of discriminatory animus. Skennion must also produce evidence that the reason for that heightened scrutiny was on account of his race, sex, or age. Rosiles's testimony must therefore be considered with respect to the *McDonnell Douglas* burden-shifting framework.

Under *McDonnell Douglas*, a plaintiff relying on circumstantial evidence of employment discrimination may establish a prima facie case by presenting evidence that: 1) he is a member of a

3

protected group; 2) he was qualified for the position he held; 3) he was discharged from the position; and 4) other similarly situated employees were treated more favorably. *Wheeler v. BD Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005). The burden then shifts to the employer to demonstrate a legitimate, non-discriminatory reason for the adverse action. *Id.* If the employer produces such a reason, the presumption of discrimination disappears, leaving the plaintiff with the burden of producing evidence from which a jury could conclude that the adverse employment action was on account of the plaintiff's protected status. *Id.* This burden may be met by presenting evidence that the employer's proffered reason is pretextual. *Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 148 (2000).

The parties dispute whether Skennion satisfied his initial *McDonnell Douglas* burden, but we need not decide the issue because he failed to proffer evidence rebutting the defendant's purported reason for his termination. Skennion argues that Godinez's purported reason for terminating him was pretextual because she conceded that she made the decision before reviewing certain litigation reports. This argument rests on a misreading of the record. Godinez testified that she decided to terminate Skennion based on McFeeley's recommendation and her own evaluation of Skennion's work product. She further testified that after she made that determination, but before actually terminating Skennion, she reviewed several of his recent litigation reports, which confirmed her decision. Godinez cited deficiencies in Skennion's litigation reports in her response to his request that she reconsider her decision to terminate him. Viewing this evidence in the light most favorable to Skennion, there is nothing that would rebut Godinez's claim that she terminated Skennion due to poor work performance.

In his reply brief, Skennion challenges some of McFeeley's proffered reasons for

recommending that he be terminated. McFeeley's recommendation was based in part on a disagreement with Skennion's legal analysis in a particular case. Skennion asserts, without explanation or support, that his own analysis was "entirely correct." Skennion describes McFeeley's other criticisms of his work as "trivial." Such unsupported disagreements with an employer's performance assessment are insufficient to demonstrate pretext. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002).[1]

Because Skennion has failed to present direct evidence of the defendant's discriminatory animus and because he has failed to proffer evidence rebutting the defendant's proffered non-discriminatory reason for his termination, the judgment of the district court is AFFIRMED.

---

[1] Skennion also cites to allegations he made in his complaint to the effect that Assistant United States Attorney Andrea Parker who viewed the litigation reports found them adequate. The complaint is not evidence. *See Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (pleadings may not be used to create issue of fact).