# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40739
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2015

Lyle W. Cayce
Clerk

TIMOTHY GRANT,

Plaintiff-Appellant

v.

DANNY TALIAFERRO; CORBETT RANDALL; DAN GANNON,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-372

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Timothy Grant, Texas prisoner # 01198238, appeals the district court's grant of summary judgment for Danny Taliaferro and Corbett Randall and the district court's denial of his Federal Rule of Civil Procedure 59 motions in his 42 U.S.C. § 1983 suit. While Grant indicated his intent to appeal the dismissal of Dan Gannon as well, he makes no arguments as to this defendant and has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40739

abandoned review of his claims against Gannon.  *See* FED. R. APP. P. 28(a)(8)(A); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Grant argues that a strip search conducted while he was in the prison library was unreasonable and that the defendants are not entitled to qualified immunity.  Grant further argues that the district court should have extended his deadline to file objections to the magistrate judge's report and recommendation and given him 10 days of notice under Federal Rule of Civil Procedure 56(c) before entering final judgment.  Grant also moves for a stay of the appeal and remand to the district court so that an affidavit from Warden John Rupert can be included in the summary judgment record.

We review a grant of summary judgment de novo, using the same standard as that employed by the district court.  *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  When determining if a defendant is entitled to qualified immunity, we evaluate "(1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident."  *Stidham v. Tex. Comm'n on Private Sec.*, 418 F.3d 486, 490 (5th Cir. 2005) (internal quotation marks and citation omitted).  Great deference is owed to a prison official's determination that an action is reasonable under the circumstances.  *Elliott v. Lynn,* 38 F.3d 188, 191 (5th Cir. 1994).

The defendants' conduct was not objectively unreasonable in light of the clearly established law at the time of the search.  *See McCreary v. Richardson*, 738 F.3d 651, 657 (5th Cir. 2013); *see also Bell v. Wolfish*, 441 U.S. 520, 558-59 (1979).  Accordingly, the district court did not err by concluding that the defendants are entitled to qualified immunity.

No. 13-40739

Grant's argument that the district court was required to give him 10 days of notice before entering final judgment is without merit. *See* FED. R. CIV. P. 56. In any case, Grant had ample notice and opportunity to respond to the defendants' motion for summary judgment.

Finally, there is no reason to remand the case. Although the Rupert affidavit was not in the record, the district court accepted as true Grant's statement of what the Rupert affidavit contained—that there was no record of a unit-wide shakedown—and nevertheless concluded that it did not alter the outcome. For the same reason, the district court's denial of any further extension of the deadline to file objections to the report and recommendation was not an abuse of discretion. *See Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990). The district court likewise did not abuse its discretion by denying Grant's Rule 59 motions. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

Accordingly, the judgment of the district court is AFFIRMED. The motion to stay the appeal and remand is DENIED.