# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2018

Lyle W. Cayce
Clerk

MICHAEL BOHANNAN,

Plaintiff-Appellant

v.

WESLEY GRIFFIN, in his individual capacity and in his official capacity as CSOT Program Specialist,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-299

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Bohannan, Texas prisoner # 1841746, filed this 42 U.S.C. § 1983 suit to seek redress for various acts in connection with his civil commitment. This appeal concerns the district court's disposition of state and federal law claims against defendant Griffin.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11226

In his brief to this court, Bohannan seeks to incorporate other filings by reference.  He may not do so.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  To the extent he challenges the district court's denial of his request for extensions of time, this argument fails because he has not shown an abuse of the district court's vast discretion.  *See Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995).  Bohannan also raises numerous other arguments concerning various actions of the district court and the merits of his claims.

The district court concluded both that Bohannan's claims lacked merit, that Griffin was entitled to qualified immunity as to Bohannan's federal claims and immunity under Texas Health & Safety Code § 841.147 as to Bohannan's state law claims, and that some of his claims were barred by the applicable statute of limitations.  In his pleadings on appeal, Bohannan challenges the district court's conclusion that his claims were barred by immunity only with respect to his claim that Griffin violated his First Amendment rights to constitutional rights of freedom of speech, association, and religion.  However, Bohannan presents no challenge to the district court's conclusion that this claim was barred by the statute of limitations.  He has therefore failed to identify any reversible error in the district court's disposition of his claims.

The judgment of the district court is AFFIRMED.  Because this case does not present exceptional circumstances, Bohannan's motion for appointed counsel is DENIED.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).