# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2022

Lyle W. Cayce
Clerk

No. 21-60583

Clayton Faerber, *individually and as the administrator of* The Estate of D. F., a Minor,

*Plaintiff—Appellant*,

*versus*

BP Exploration; Production, Incorporated; BP America Production Company,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:20-cv-328

_____

Before Jones, Southwick, and Oldham, *Circuit Judges.*

Per Curiam:*

Clayton Faerber sued British Petroleum ("BP"). Faerber moved the court to amend its scheduling order, but the court refused. That left him

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60583

without any evidence of causation. So the court entered summary judgment for BP. We affirm.

## I.

This is a Back-End Litigation Option ("BELO") suit arising out of the Deepwater Horizon oil spill. *See O'Brien's Response Mgmt., LLC v. BP Exploration & Prod.*, 24 F.4th 422, 426–27 (5th Cir. 2022) (explaining the mechanics of BELO suits). After a scheduling conference with the parties, the district court entered a scheduling order. That order gave Faerber about four months to designate his experts. One day before the deadline, Faerber asked the court to amend its scheduling order and give him more time. The court refused. That left Faerber with no expert testimony (and no other evidence) going to causation. Thus, the court granted summary judgment in BP's favor.

## II.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Our court uses four factors to assess good cause: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation omitted). Because the decision whether to modify a scheduling order is so context-sensitive, our review is only for abuse of discretion. *See id.*; *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020) ("Rule 16(b) of the Federal Rules of Civil Procedure gives district courts broad discretion in enforcing the deadlines in their scheduling orders. We will not lightly disturb a court's enforcement of those deadlines." (citation and quotation omitted)); *Butler v. Endeavor Air, Inc.*, 805 F. App'x 274 (5th Cir. 2020) (per curiam) (similar).

No. 21-60583

The district court's refusal to modify the scheduling order was not an abuse of discretion. Faerber did not move to modify until the day before the deadline. And his proffered reason for the delay—that he sought to offer scientifically novel evidence—hurts his case rather than helping it. As the district court explained, that very novelty means the evidence is "untested and probably inadmissible under the Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)." Further, our court has long held that delays "in designating . . . expert witness[es]" generally "disrupt[] the [district] court's discovery schedule and the opponent's preparation." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990); *see also id.* at 791–92 (noting that a continuance is not a cure-all for such prejudice). We hold the district court acted well within its discretion when it denied Faerber's motion.

Faerber implicitly concedes that, if the district court was right to leave its scheduling order intact, summary judgment was appropriate. Faerber's concession is correct. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

AFFIRMED.