# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2022

Lyle W. Cayce
Clerk

No. 22-50026

Robert Rollo,

*Plaintiff—Appellant*,

*versus*

George P. Escobedo; Carabin & Shaw, P.C.; Carabin Shaw,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-cv-645

---

Before Wiener, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Robert Rollo, appeals the district court's summary judgment for Defendants-Appellees regarding his claims for legal malpractice and breach of fiduciary duty against his former attorney, George Escobedo, and, vicariously, against a law firm, Carabin & Shaw P.C.  We

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

affirm the judgment of the district court essentially for the reasons stated in its thorough, well-reasoned opinion.

Rollo suffered a workplace injury while working for a U.S. defense contractor in Iraq on January 29, 2005. Escobedo represented Rollo for his workers compensation claim—from 2006 until the U.S. Department of Labor (DOL) issued an order approving the agreed-upon settlement in November 2013. Believing that he could have won a larger sum of money had he proceeded to trial (and won), Rollo filed a "Petition to Set Aside as Inadequate," which challenged the settlement, in February 2017. The DOL denied Rollo relief.

Rollo then filed this legal malpractice action in July 2017.[1] Escobedo moved for summary judgment because, among other things, Rollo failed to designate a legal expert by the deadline, as generally required for legal malpractice claims in Texas. Likewise, Carabin & Shaw moved for summary judgment on Rollo's claim of vicarious liability. Rollo countered with his own motion for summary judgment, arguing that expert testimony for breach and causation was unnecessary because Escobedo's breach and causation would be "self-evident" to any juror and because he would be "indisputably entitled" to receive more compensation than that obtained via the settlement. The district court granted Escobedo's motion for summary judgment because Rollo "failed to designate an expert to establish the standard of care (duty), breach, and causation." Because Rollo's underlying claims against Escobedo failed, precluding vicarious liability, the court also granted Carabin & Shaw's motion for summary judgment. Rollo timely

---

[1] Rollo initially filed suit in New York almost a year earlier, but the action was dismissed for lack of personal jurisdiction. *Rollo v. Escobedo, et al.*, No. 16-cv-6923, 2017 WL 2600107 (S.D.N.Y. June 15, 2017).

appealed.  After review of the briefs and record, we conclude that the district court carefully considered the case and committed no reversible error.

First, "[i]n Texas, a legal malpractice claim sounds in tort and is evaluated based on negligence principles."  *Streber v. Hunter*, 221 F.3d 701, 722 (5th Cir. 2000).  To prevail on his claim, Rollo was required to show that (1) Escobedo owed Rollo a duty, (2) a breach of the duty (3) which proximately caused Rollo's injuries, and (4) damages.  *See id.*; *see also Alexander v. Turtur & Associates, Inc.*, 146 S.W.3d 113, 117 (Tex. 2004).  "In most legal malpractice cases, expert testimony is necessary to establish the standard of care since only an attorney can competently testify to whether the defendant comported to the prevailing legal standard."  *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (quotation and citation omitted).  Expert testimony is unnecessary only "[i]n instances of egregious negligence that are obvious to a lay person or established as a matter of law."  *Id.* at 794 (using an attorney who failed to tell his client to answer properly served interrogatories as an example).  We agree with the district court that "this is not such an instance."  Rollo's claim therefore required expert testimony to establish the elements of legal malpractice.

Second, we agree that Rollo's breach of fiduciary duty claim is prohibited, as it is "substantively indistinguishable" from his legal malpractice claim.  "Texas law does not permit a plaintiff to fracture legal malpractice claims into separate claims."  *See O'Donnell v. Smith*, 234 S.W.3d 135, 146 (Tex. App.—San Antonio 2007), *aff'd*, 288 S.W.3d 417 (Tex. 2009).

Finally, we agree that Rollo's vicarious liability claim against Carabin & Shaw cannot survive summary judgment because it is dependent on his failed claims against Escobedo.  *See G & H Towing Co. v. Magee*, 347 S.W.3d

No. 22-50026

293, 298 (Tex. 2011) (per curiam) (holding that a company "cannot have vicarious liability" because "its agent did not commit the tort").

AFFIRMED.