# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2026

Lyle W. Cayce
Clerk

————————

No. 25-20024

————————

Kimberly Cutchall; Michael Cutchall,

*Plaintiffs—Appellants*,

*versus*

Chubb Lloyds Insurance Company of Texas,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-3745

————————————————————————

Before Davis, Jones, and Stewart, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs-Appellants Kimberly and Michael Cutchall sued their insurer to recover for interior water damage to their home, which they claimed occurred when a hailstorm breached their roof. They produced two experts who offered three separate dates for the alleged storm. Defendant-Appellee Chubb Lloyds Insurance Co. of Texas sought summary judgment on the basis that no hailstorm occurred in the Cutchalls' neighborhood as

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

they claimed. Chubb produced experts who found no evidence of a hailstorm on the dates the Cutchalls identified, along with a meteorology expert who rebutted the Cutchalls' claims. The district court granted Chubb's motion, finding the Cutchalls' proffered dates were too inconsistent and contrary to Chubb's scientific evidence to raise a genuine issue that a hailstorm occurred during the policy period. We AFFIRM.

The Cutchalls own a home in Houston, which was insured by Chubb policy numbered 150543601-01, effective May 29, 2021 through May 29, 2022.[1] In September 2021, the Cutchalls made a claim on the policy for interior water damage. They asserted a single cause of the damage: a hailstorm breached their roof. Chubb retained two engineers to inspect the home, but neither found evidence that a hailstorm caused the damage. Instead, the engineers concluded a variety of other causes, such as poor ventilation and as-built defects, caused the damage. Chubb concluded that some of these other causes were covered by the policy while others were not. Accordingly, it paid for the covered portions but otherwise denied the claim as the Cutchalls conceived it.

In September 2023, the Cutchalls sued in Texas state court. Their complaint alleges that "[o]n or about September 7, 2021, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas area," and asserts breach-of-contract and extracontractual claims under Texas common law, the Texas Insurance Code, and the Texas Deceptive Trade Practices Act. Chubb answered, averring it had paid all covered losses, then removed the suit to federal court.

---

[1] The district court stated the Cutchalls' suit was limited to the 2021-2022 policy, which is not directly challenged on appeal.

No. 25-20024

The federal district court established deadlines for expert disclosures, the close of discovery, and dispositive motions. The Cutchalls timely designated two expert witnesses. One was Brandon Allen, an independent adjuster, who produced multiple reports during the case. His first report states the cause of damage to the Cutchalls' home was a September 7, 2021 storm. Shortly before his deposition, Allen produced a second report that identifies April 29, 2023 as the storm date. In testimony, he withdrew this 2023 date, disclaimed the September 7, 2021 date, and committed to a third storm date of August 16, 2021. Allen also conceded a meteorologist would be more trustworthy than he in determining whether hail fell at a given place and time. The Cutchalls' second designated expert was Nick Halliday, a public adjuster. Halliday produced pictorial surveys of the Cutchall home with a now-inactive link to a news article that reported heavy wind and hail in Houston on May 18, 2021.

Chubb designated as expert witnesses the two inspecting engineers who attributed the interior damage to non-storm-related causes. It also designated meteorologist David Finfrock. Finfrock opined there were no reports of hail or damaging winds within 400 miles of the Cutchall home on August 16, 2021 or September 7, 2021, the dates the Cutchalls claimed the loss occurred.

On August 1, 2024, the Cutchalls' attorney moved to withdraw due to "irreconcilable differences" between the Cutchalls, on the one hand, and expert Allen and himself, on the other. On September 9, new counsel appeared for the Cutchalls.

Chubb moved for summary judgment on September 14, 2024. It argued the Cutchalls could not prove a covered loss—damage caused by a

hailstorm—within their 2021–2022 policy period.[2] In response, the Cutchalls moved through their new counsel to extend the expired deadline to designate experts and produce reports, as well as the pending deadline to respond to summary judgment. The district court denied the Cutchalls' request, finding a change in counsel was no reason to amend the scheduling order:

> The plaintiffs seek to replace their existing experts because the defendant has filed its expert designation and report, criticizing the plaintiffs' experts' work. This does not justify a do-over for the plaintiffs to designate a new expert, *issue a new report*, and have the defendant respond. That approach merely compounds the cost and delay.

The Cutchalls sought reconsideration, which the district court denied, reiterating "the expert designation deadline has passed" and there would be no "do-over of the case."

The Cutchalls then responded to Chubb's summary-judgment motion. Despite the district court's rulings prohibiting any "new expert" or "new report," the Cutchalls attached to their opposition an affidavit by Halliday, which fixed the hailstorm on a new, previously undisclosed date—June 15, 2021.

The district court granted summary judgment for Chubb on December 31, 2024. It found the Cutchalls' evidence did not raise a "genuine dispute about whether a storm capable of causing the alleged damage affected their neighborhood on that date or at another time during the policy period."

---

[2] *See, e.g.*, *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200 (5th Cir. 1993) ("Proof that the claimed losses occurred during the policy period is an essential element of [the insured's] coverage claim on which it bears the burden of proof. Unconfirmed rumors of loss are insufficient to satisfy that burden.").

First, it noted the Cutchalls had offered a multiplicity of contradictory dates for the alleged storm. In addition, it observed that Allen's August 16, 2021 date had been discredited by meteorologist Finfrock, who Allen conceded was "the expert" and more trustworthy than he on weather matters. The May 18, 2021 date that Halliday offered derived from "a news article that did not have any information particular to" the Cutchalls' neighborhood, and could not raise a genuine issue given "the multiple sources of neighborhood-specific evidence" produced by Chubb's engineers showing no storm at the Cutchall address during the policy period. The court's order did not consider Halliday's new affidavit or its June 15, 2021 storm date.

The Cutchalls timely appealed. This is a diversity case and the court applies Texas contract law.[3] We review the summary judgment de novo and the district court's enforcement of its scheduling order for abuse of discretion.[4]

The Cutchalls' only argument on appeal regarding their failure to prove a covered loss is that the district court erred in not considering Halliday's late-filed affidavit and the June 15, 2021 storm date it proposed. The Cutchalls did not argue this to the district court or call attention to this new date. And before this court, they do not argue the new affidavit did not violate the district court's orders denying extensions and prohibiting do-overs or new expert reports. We find the district court acted well within its discretion by refusing to consider an affidavit submitted in contravention of

---

[3] *See Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018).

[4] *See id.*; *Geiserman v. MacDonald*, 893 F.2d 787, 790–91 (5th Cir. 1990) (identifying standard of review and stating: "[A] trial court's decision to exclude evidence as a means of enforcing a pretrial order must not be disturbed absent a clear abuse of discretion." (cleaned up)).

its orders.[5] Because the Cutchalls offer no alternative basis for reversal on this issue, we AFFIRM the district court's final judgment of December 31, 2024 on this ground alone.

Our disposition affirming the district court's determination that the Cutchalls failed to establish a covered loss within the policy period makes it unnecessary to reach the district court's alternative ground for summary judgment based upon Texas's doctrine of concurrent causes. The doctrine does not arise unless an insured first establishes a loss under the policy, which the Cutchalls could not establish here.[6] Accordingly, we DENY the Cutchalls' motion to certify questions to the Texas Supreme Court about the doctrine.

---

[5] *See Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 603 (5th Cir. 2018) (holding a district court's enforcement of its scheduling order should be reversed only in an unusual and exceptional case" (cleaned up)). The district court also properly dismissed the extracontractual claims. As pleaded, those claims required the existence of a covered loss under the policy, which the Cutchalls could not establish at summary judgment.

[6] *See Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022) (citing *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 162 (Tex. 1971)).