**Kermit F. GABEL and Henry S. Stiehl, Plaintiffs–Appellants,**

v.

**James A. LYNAUGH, Director Texas Department of Corrections, Et Al. Defendants–Appellees.**

No. 87–2353
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1988.

Kermit F. Gabel, pro se.

Henry S. Stiehl, pro se.

Anthony J. Nelson, Mike Lynch, Asst. Attys. Gen., Austin, Tex., for defendants-appellees.

Before GEE, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

■ The district court's judgment of dismissal is affirmed for the reasons stated in its Memorandum Order filed March 23, 1987. These apply to the claims advanced before that court; we do not consider those sought to be added before us. Generally speaking, we are a court of errors and appeals; and the trial court cannot have erred as to matters which were not presented to it.

■ We agree with the trial court's conclusion that the action is frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915(d). We further conclude that the briefing of this meritless and frivolous appeal renders the pro se appellants subject to the sanctions provided by Rule 38, Federal Rules of Appellate Procedure. We do not sit as a means by which the system can be punished—or to be punished ourselves—by the pursuit of frivolous or malicious appeals by disgruntled state prisoners.[1]

Given the above determination, the Court ORDERS that, as a sanction, each appellant reimburse the appellees in the amount of $10.00 for court costs incurred in this action. Within thirty (30) days of the time such amount is in any appellant's TDC Trust Fund, the appropriate prison officials are ORDERED to withdraw the above amounts and forward them to the Clerk of this Court for the account of appellees' counsel with the above case number at-

---

1. About one appeal in every six which came to our docket (17.3%) the last four months was a state prisoner's pro se civil rights case. A high percentage of these are meritless, and many are transparently frivolous. So far in the current year (July 1–October 31, 1987), for example, the percentage of such appeals in which reversal occurred was 5.08. Partial reversal occurred in another 2.54%, for a total of 7.62% in which any relief was granted. The comparable figure for all appeals was almost twice as large, 14.3%. Over 92% were either dismissed or affirmed in full.

For the same period § 1983 prisoner appeals prosecuted without counsel were our largest single category of cases which survived long enough to be briefed and enter our screening process so as to require full panel consideration. The number of these stands at almost 22%, with the next largest category—diversity cases—coming in at 16%, federal question appeals at 14.5%, and both general civil rights cases and criminal appeals coming in at something over 11% each. Such figures suggest that pro se civil rights litigation has become a recreational activity for state prisoners in our Circuit and that such action as we commence today is long overdue. We give notice that future frivolous or malicious appeals will call forth like sanctions.

tached. Plaintiffs' T.D.C. numbers are 307302 and 270947.