IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10930
Summary Calendar
_____


LARRY LEONARD HERRON,

                                    Plaintiff-Appellant,

versus

K.D. WITT,

                                    Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CV-363-Y
- - - - - - - - - -
January 16, 1998
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Texas state prisoner, Larry Leonard Herron, No. 453094,

appeals the district court's dismissal as frivolous of his 42

U.S.C. § 1983 action against Texas patrolman K.D. Witt.  The

district court dismissed Herron's action without conducting a

Spears[**] hearing or providing Herron with a questionnaire.

    Herron's allegation that Witt rammed the rear of Herron's

vehicle could, through a Spears hearing or a questionnaire,

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

    [**] Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

present a nonfrivolous § 1983 claim.  See Checki v. Webb, 785 F.2d 534, 538 (5th Cir. 1986)(officer's intentional misuse of vehicle could constitute a § 1983 claim).  The district court therefore abused its discretion and prematurely dismissed Herron's complaint without affording him the opportunity to develop his factual allegations.  See Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994).  The district court's dismissal of Herron's complaint as frivolous is VACATED, and this case is REMANDED for further proceedings.

We consider Herron's Eighth Amendment claims dismissed by the district court but not raised on appeal waived, and we refuse to address his claims alleged for the first time to this court. United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991); Gabel v. Lynbaugh, 835 F.2d 124, 125 (5th Cir. 1988). Accordingly, Herron's motions to supplement his appeal with new claims, to correct mistakes in the supplement, and to add new evidence to the supplement are DENIED.

VACATED and REMANDED.