IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40534
Summary Calendar

_____

FREDDIE CARTER,

Plaintiff-Appellant,

versus

ALTON E. CASKEY, Warden at Michael Unit;
TRACIE MURPHY, Administrator over the Medical Unit
at Michael; J. COCKRELL, Warden, Regional Director
of Texas Department of Criminal Justice - Institutional
Division, ROCHELLE MCKINNEY, RN at Michael Unit,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-496
- - - - - - - - - -
July 14, 1998
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:*

Freddie Carter, Texas prisoner # 637184, proceeding pro se
and in forma pauperis (IFP), appeals the magistrate judge's
dismissal as frivolous and on summary judgment of his civil
rights lawsuit, 42 U.S.C. § 1983.  Carter's motions for
appointment of counsel are DENIED.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the district court's dismissal under 28 U.S.C. § 1983 for an abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). We review the magistrate judge's grant of summary judgment de novo, considering the evidence presented and all inferences to be drawn from the evidence in the light most favorable to Carter. See Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). Carter asserts that while he was in Warden Caskey's custody in the Michael Unit, the Warden did not ensure that Carter received medication for his artificial eye in a timely fashion. Carter's claim against Warden Caskey is based on a theory of vicarious liability and is insufficient to state a constitutional violation. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

Carter's contentions on appeal against defendants Cockrell, Murphy, and McKinney are conclusional and do not challenge the magistrate judge's reasons for dismissing his complaint. Because Carter has failed to address on appeal the magistrate judge's reasons for granting summary judgment in favor of McKinney and for dismissing as frivolous his claims against defendants Murphy and Cockrell, he has abandoned the only issues on appeal before this court. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). By failing to assert them on appeal, Carter has also abandoned his claims that the defendants did not provide him with eyeglasses and improperly denied his grievances. Brinkmann, 813 F.2d at 748.

Finally, Carter's allegation, raised for the first time in this court, that Dr. Robert A. Broch failed to provide his eye medication in a timely fashion does not amount to plain error. See Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996)(review of issues raised for the first time on appeal is limited to plain error)(en banc); Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995);see United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995)(factual issues which are capable of resolution by the district court cannot rise to the level of plain error); Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988).

Carter's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. Carter is cautioned that any future frivolous appeals or pleadings filed by him or on his behalf will invite the imposition of sanctions. Carter should therefore review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED; MOTIONS DENIED.