IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20160
Summary Calendar
_____

BOBBY LEE MONTGOMERY,

Plaintiff-Appellant,

versus

JOHNSTON, Lieutenant/Captain; BENNETT, Captain; BROWN,
Sergeant/Lieutenant; FERRIS, Sergeant; HOLLEY, Sergeant; HECTOR,
Officer; VICE, Officer,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-2824
- - - - - - - - - -

June 11, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Bobby Lee Montgomery, Texas prisoner #782057, appeals the district court's dismissal of his pro se, in forma pauperis (IFP) 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2). The district court may dismiss an IFP complaint as frivolous under § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).   This court reviews the dismissal of an IFP complaint as frivolous for an abuse of discretion.  Siglar, 112 F.3d at 193.

In his complaint, Montgomery alleged that the defendants subjected him to cruel and unusual punishment by (1) threatening him; (2) strip searching him; (3) requiring that he sit in the recreational yard in the sun for four hours clad only in his boxer shorts; and (4) requiring that he walk across the recreational yard in his bare feet.

Verbal threats by prison guards do not amount to a constitutional violation.  See Lynch v. Cannatella, 810 F.2d 1363, 1376 (5th Cir. 1987).  Furthermore, strip searches are reasonably related to the legitimate penological interest in security.  See Hay v. Waldron, 834 F.2d 481 (5th Cir. 1987).

As for Montgomery's claim stemming from his confinement in the recreational yard, Montgomery does not allege that Ferris participated in the placement and confinement of the inmates in the recreational yard.  Thus, the district court did not abuse its discretion in dismissing Montgomery's recreational yard incident claim against Ferris.  Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986)("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged.")

The claims against Johnston, Holley, Bennett, Vice, and Hector do not state an Eighth Amendment violation.  For an violation to occur, "there is an objective requirement that the condition 'must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some

basic human need.'"  <u>Woods v. Edwards</u>, 51 F.2d 577, 581 (5th Cir. 1995) (quoting <u>Farmer v. Brennan</u>, 114 S.Ct. 1970, 1976 (1994). Although Montgomery's allegation that he was placed in the recreational yard for four hours and was required to walk across the hot concrete in his bare feet is not supported by anything in the record, we must accept  his allegation as true in this stage of the proceeding.[2]  Even if true, Montgomery's allegations fail to show that he was denied the minimal civilized measure of life's necessities, however.  Occasional exposure to the heat, without more, is not a constitutional violation.  <u>See</u> <u>id.</u> (holding that the temperature in extended lockdown, although uncomfortably hot, did not constitute cruel and unusual punishment); <u>Wilson v. Seiter</u>, 893 F.2d 861, 865 (6th Cir. 1990) (stating "we are unaware of any precedent holding that occassional exposure to 95 degree heat" constitutes cruel and unusual punishment), <u>vacated on other grounds by</u> 111 S.Ct. 2321 (1991).

Montgomery contends for the first time in this court that Assistant Warden Bickham was aware of the actions of his officers and falsely denied that the inmates had been confined in the recreational yard for four hours.  He also argues for the first time that the defendants rendered inadequate medical treatment. Montgomery's allegations involve factual issues, which were capable of resolution by the district court, and which cannot rise to the level of plain error.  <u>See</u> <u>United States v. Vital</u>, 68 F.3d 114, 119 (5th Cir. 1995); <u>Gabel v. Lynaugh</u>, 835 F.2d 124, 125 (5th Cir. 1988)("Generally speaking, we are a court of errors and appeals;

---

[2]  <u>Ashe v. Corley</u>, 992 F.2d 540, 544 (5th Cir. 1993).

and the trial court cannot have erred as to matters which were not presented to it.")  Montgomery's motion for production of documents is DENIED.

AFFIRMED.