IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50230
Summary Calendar
_____

BARBARA JO WEBB,

Plaintiff-Appellant,

versus

PAROLE DIVISION, Texas Department of Criminal Justice -
Institutional Division; SUSAN CRANFORD; FRED RHEA,
Lieutenant; ANTHONY HOWARD, Captain; TOMMIE D. COLLIER;
RUSSELL WEAVER, Captain; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, Inmate Legal Service; LINDA MOTEN, Warden;
PHILLIP ZEIGLER, Judge; DISTRICT COURT 12TH JUDICIAL DISTRICT;
GIANNA M. DEBOTTIS, Special Prosecutor; ANDERSON MOLLY,
Correctional Officer 3; KENNETH SELLER, Correctional Officer 3;
BIEL, Correctional Officer 3; BAURER MARTIN, Dr., U.T.M.B.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-202
--------------------
September 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Barbara Jo Webb, Texas prisoner # 33682, appeals the
district court's dismissal of her 42 U.S.C. § 1983 suit as
frivolous.  Webb's § 1983 complaint involved mostly claims
relating to a criminal charge filed against her in prison.  That
charge was pending while her instant § 1983 suit was pending in

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the district court. Although Webb may now be able to assert civil rights claims relating to the charge which has since been dismissed, the district court did not abuse its discretion when it dismissed Webb's claims relating to the charge. See Heck v. Humphrey, 512 U.S. 477, 487 n.8 (1994); see also Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988) (this court does not consider claims not presented to the district court).

Webb does not sufficiently brief challenges to the district court's dismissal of her claims that 1) two officers improperly seized, withheld, and/or destroyed Webb's legal documents, 2) she received inadequate medical care by the prison doctor, and 3) she was sexually harassed by a prison officer. Webb has thus waived any challenges that the district court abused its discretion by dismissing these claims as frivolous. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Furthermore, a review of these claims, as alleged in the district court, reveals that Webb did not allege conduct by the defendants rising to the level of a constitutional violation. The district court did not abuse its discretion by dismissing these claims as frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Nor did the district court abuse its discretion by denying Webb's motion for the appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The district court judgment dismissing Webb's § 1983 complaint is AFFIRMED.