United States Court of Appeals
Fifth Circuit
**F I L E D**

**April 5, 2002**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-31021
Summary Calendar
_____

ANTHONY A. EDWARDS,

Plaintiff-Appellant,

versus

LIZ DOUET; TODD LOUVIERE,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-73
---------------------------------------------------------
April 5, 2002

Before JOLLY, EMILIO M. GARZA and STEWART, Circuit Judges:

PER CURIAM:[*]

Anthony A. Edwards (#A30076784), an Immigration and Naturalization Service ("INS")
detainee, appeals the district court's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) of his civil
rights complaint. An alien detainee is not considered a "prisoner" within the meaning of 28 U.S.C.
§ 1915(h) and is not subject to the Prison Litigation Reform Act. Edwards v. Johnson, 209 F.3d 772,
776 (5th Cir. 2000); Ojo v. INS, 106 F.3d 680, 682-83 (5th Cir. 1997). Accordingly, we will review
de novo the dismissal of Edwards' complaint. See Black v. Warren, 134 F.3d 732, 734 (5th Cir.
1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Constitutional challenges asserted by INS detainees are evaluated under the standards employed in cases involving pretrial detainees. Edwards, 209 F.3d at 778. In an episodic act case, a detainee must establish that the defendants acted with subjective deliberate indifference. Id. In a condition of confinement case, a detainee must establish that the condition amounted to punishment and was not incident to some other legitimate governmental purpose. Bell v. Wolfish, 441 U.S. 520, 535, 538 (1979); Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997).

Edwards contends that on one occasion, the defendants intercepted and confiscated an envelope marked certified legal mail. He describes an incident when the defendants would not allow him to prepare xerox copies of certified mail receipts for his legal documents in accordance with his wishes. Edwards described another incident in which the defendants confiscated his legal and personal papers. To prevail on these claims, Edwards must establish that the defendants acted with subjective deliberate indifference. Scott, 114 F.3d at 54.

Edwards has not alleged that the defendants acted with deliberate indifference. Also, Edwards has not established a constitutional violation of the right of access to the court because he has not alleged that the defendants' conduct prevented him from preparing and transmitting a necessary legal document to a court. Lewis v. Casey, 518 U.S. 343, 350-51 (1996); Ruiz v. United States, 160 F.3d 273, 275 (5t h Cir. 1998). Edwards' claim concerning the deprivation of property was properly dismissed because he has not shown that Louisiana's post deprivation remedy on property loss claims is inadequate. Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984).

The district court did not err in dismissing Edwards' claims concerning his exposure to carbon monoxide and the service of nutritionally inadequate vegetarian meals because Edwards has not alleged that these conditions were imposed as punishment and were not incident to some other legitimate governmental purpose. Bell, 441 U.S. at 538; Scott, 114 F.3d at 53.

Edwards' claims that he was confined in overcrowded holding pens with inadequate and unsanitary living conditions are raised for the first time and are reviewed for plain error only. Douglass v. United Servs. Auto. Assn, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). Factual issues which are capable of resolution by the district court cannot rise to the level of plain error. United

States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995); Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988).

By neglecting to brief the issues properly, Edwards has abandoned his claims that the defendants curtailed his communication with outside relatives and friends, conspired against him, and retaliated against him. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Edwards has not shown that the district court erred by dismissing his complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). Accordingly, the judgment of the district court is AFFIRMED.