IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 06-40359
Summary Calendar

OSVALDO GARZA,

Plaintiff–Appellant,

v.

ALLSTATE TEXAS LLOYD'S COMPANY,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:04-CV-0270

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Oswaldo Garza appeals from an adverse final judgment and denial of a motion for new trial in an action brought against Allstate Texas Lloyd's Company. We affirm.

I

This suit is one of several hundred filed by Garza's counsel asserting claims under insurance policies for water damage and mold. Garza purchased

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a fifty-year old home for approximately $232,000. Within a year, Garza asserted claims under a standard form homeowners' insurance policy issued by Allstate, seeking to recover damages caused by claimed leaks in the master bathroom, hall bathroom, and the heating, ventilating, and air conditioning (HVAC) units. After an investigation, Allstate paid Garza's claim for the master bathroom, but denied his claim with respect to the hall bathroom and HVAC.

Garza sued Allstate in Texas state court. Allstate removed to federal district court. The district court entered a scheduling order on December 8, 2004, pursuant to Federal Rule of Civil Procedure 16, which required Garza to designate experts and provide the required Rule 26(a)(2) expert reports by May 6, 2005. Garza did not produce the expert report of Fred Hayden until nineteen days after the scheduling order's deadline.

On June 17, 2005, Allstate filed a motion for summary judgment and a motion to exclude Hayden's testimony and expert report. The district court denied the motion for summary judgment, but granted the motion to exclude. At that time trial was set for August 2, 2005.

Subsequently, the district court granted Allstate's summary judgment motion for HVAC related damages and damage in the hall bathroom not related to the hall bath shower. This ruling is not challenged on appeal. On the two loss claims submitted to the jury, the jury returned a verdict in favor of Garza on the hall bathroom shower claim, but in favor of Allstate on the master bath shower claim, which Allstate had already paid. The district court entered final judgment in accordance with the jury verdict applying the policy's $2,185 deductible to the jury's award of $3,000 for the hall bath shower claim and awarding $3,500 for living expenses as stipulated by the parties. Garza filed a motion for a new trial, which the district court denied.

Garza timely appealed. Garza argues the district court erred by (i) excluding evidence concerning damage to the foundation of Garza's home, and (ii) improperly interpreting the insurance policy's deductible clause.

## II

We review the district court's decision to exclude testimony for abuse of discretion.[1] To determine whether the district court abused its discretion we examine four factors: "(1) the explanation for the failure to [provide timely the testimony or expert report]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[2]

Garza complains that the district court improperly prevented him from presenting Hayden's expert testimony to support his claim of foundation damage to his home. According to Garza, Hayden's testimony was particularly important since another expert witness, Rick Guerra-Prats, was not allowed to testify about the foundation damage because he and other experts were not allowed to rely upon the excluded Hayden report.

Garza argues that his failure to provide Hayden's report on time resulted from difficulty in gaining access to the home's foundation. In addition to not citing any portion of the record to support this assertion, this argument was not raised before the district court and hence cannot be considered now.[3] In the district court, Garza argued that the Hayden report was provided as soon as

---

[1] Barrett v. Atl. Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996) (citing Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc., 73 F.3d 546, 572 (5th Cir.1996)); FED.R.CIV.P. 16(f) (allowing court sanctions for a party's failure to comply with scheduling order by excluding evidence).

[2] Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004) (citing Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)).

[3] Gabel v. Lynaugh, 835 F.2d 124, 125 (5th Cir. 1988) ("[t]he trial court cannot have erred as to matters which were not presented to it").

reasonably practicable providing no factual information. This does not constitute good cause.

Garza argues that Federal Rule of Civil Procedure 26(a)(2)(C) allows supplementation of expert reports up to 90 days before trial. This argument is patently insupportable. The 90 day period is a default when no "sequence [is] directed by the court." Further, "supplementing" does not encompass raising a new matter. Hayden's report was the first mention of Garza's $100,000 claim for damages to the foundation.[4]

The second factor is the importance of the excluded testimony. It is not clear that Hayden's testimony was particularly credible. One of Garza's other experts said that Hayden's report was not reliable since he "didn't have very good photographs" and "couldn't get underneath" the house. Moreover, "the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders."[5] Nor does the district court's refusal to allow Garza's other experts to testify about the Hayden report contravene Federal Rule of Evidence 703. Rule 703 allows experts to testify about matters discussed in their own reports, not new matters from an excluded expert report.

Further, the district court found that admitting the Hayden report would be unfairly prejudicial to Allstate. Garza did not attempt to establish in the district court that the late designation of Hayden and submission of his report would not prejudice Allstate. Indeed, Garza submitted the Hayden report just two days before Allstate's expert reports were due.

The final factor for our consideration is whether a continuance was available to remedy the prejudice to Allstate. Although a continuance might

---

[4] FED.R.CIV.P. 26(a)(2)(C).

[5] Geiserman, 893 F.2d at 792.

have cured any prejudice, such a remedy would have delayed resolution of the case and added to Allstate's expenses.[6] Further, "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."[7] Moreover, "[b]ecause of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance."[8]

Garza asserts that when the district court rest the trial from August to October due to court scheduling conflicts, the expert deadlines could have been extended. Garza did not make such a request at the time. Additionally, scheduling orders are designed to permit discovery and pre-trail matters to be conluded in an orderly process. The district court did not abuse its discretion in failing to automatically extend all pre-trial order deadlines when it rest the trial date.

We have recognized that "[a]dherence to such scheduling orders [is] critical in maintaining the integrity of judicial proceedings."[9] Failures to meet discovery deadlines "increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution."[10] Accordingly, the district court's decisions to exclude Hayden's testimony and further exclude any reference to Hayden's report were well within its discretion.

---

[6] 1488, Inc. v. Philsec Inv. Corp., 939 F.2d 1281, 1289 (5th Cir. 1991).

[7] Geiserman, 893 F.2d at 791.

[8] Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 884 (5th Cir. 2004).

[9] 1488, Inc., 939 F.2d at 1289 (citations omitted).

[10] See Geiserman, 893 F.2d at 792.

III

Garza also argues that the district court improperly reduced the jury's award by applying the per loss deductible to the jury's award to the hall bath shower. In its final judgment, the district court reduced the jury award of $3,000 for the hall bath shower by the per loss deductible of $2,185. Although not clearly explained in his briefing, Garza apparently paid a deducible for the master bath shower claim for which Allstate had approved payment prior to the filing of this suit. Garza seeks reinstatement of $2,185 to the jury's award.

We review questions of contract interpretation de novo.[11] An insurance policy is a contract subject to traditional rules of contract interpretation.[12] However, any ambiguities in an insurance contract are construed strictly in favor of the insured.[13]

The per deductible clause states that "the amount shown on the declarations page . . . will be deducted from the combined amount of each loss under Coverage A (Dwelling) and Coverage B (Personal Property)." "Occurrence" is defined by the policy as "an accident, including exposure to conditions, which results in bodily injury or property damage during the policy period." The district court concluded that the damage related to the hall bath shower and the master bath shower qualify as two separate losses as they are unrelated losses caused by different events.

For loss occurrence policies—the type of policy at issue here—Texas courts apply a "cause" test, which determines the number of loss occurrences based on

---

[11] Fina, Inc. v. ARCO, 200 F.3d 266, 268 (5th Cir. 2000) (citations omitted).

[12] Am. Home Assurance Co. v. Unitramp Ltd., 146 F.3d 311, 313 (5th Cir. 1998) (citations omitted).

[13] Id.

the number of events that caused the loss or losses at issue.[14] In U.E. Texas One-Barrington, Ltd. v. General Star Indemnity Company, this court considered a policy—governed by Texas law—containing language similar to that found in Garza's policy.[15] In that case, the insured argued that there was only one "loss occurrence" for purposes of determining the policy deductible since the leaks could be traced back to the materials and installation of the plumbing system. In rejecting that argument, this court reasoned that "the proper focus in interpreting 'occurrence' is on the events that cause the injuries and give rise to the insured's liability, rather than on the number of injurious effects."[16] Here, the district court properly focused on the separate events that caused the damage in the hall bathroom and master bathroom rather than the existence of a single plumbing inspection as argued by Garza. Accordingly, the district court correctly applied a deductible to the jury's award for the hall bath shower loss.

\* \* \*

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[14] Goose Creek Consol. Indep. Sch. Dist. v. Continental Cas. Co., 658 S.W.2d 338, 340-41 (Tex. App.–Houston [1st Dist.] 1983, no writ).

[15] 332 F.3d 274, 277-78 (5th Cir. 2003).

[16] Id. at 277 (citations and quotations omitted).