# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 2, 2011

No. 10-20243

Lyle W. Cayce
Clerk

JOE RENE GARCIA,

Plaintiff - Appellant

v.

BEST BUY STORES, L.P.; OCCUPATIONAL HEALTH BENEFITS PLAN
FOR THE TEXAS EMPLOYEES OF BEST BUY STORES, L.P.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-851

Before JONES, Chief Judge, and DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This employee-benefit case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1001 *et seq.* Joe Rene Garcia, an employee of Best Buy Stores, L.P. and a beneficiary of the Occupational Health Benefits Plan for the Texas Employees of Best Buy Stores, L.P., ("the Plan," and together with Best Buy Stores, L.P., "Best Buy") appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from the district court's grant of final judgment in favor of Best Buy. We AFFIRM.

## FACTS AND PROCEEDINGS

The facts underlying Garcia's claim are uncomplicated and largely undisputed. Garcia, a store manager at a Best Buy in Houston, claims he was injured while loading a dishwasher into a delivery truck. Best Buy is a non-subscriber to the Texas Workers' Compensation Act and, as such, has implemented the Plan. The Plan provides benefits for covered injuries suffered by Best Buy employees in the course and scope of employment. Garcia submitted a claim for compensation for his injuries to the Plan administrator, who denied the claim for failing to comply with the Plan's requirement that injuries be reported within twenty-four hours. Garcia appealed to the Plan's Steering Committee, arguing 1) that his report of injury was timely; 2) that the twenty-four hour reporting requirement violated Department of Labor regulations; and 3) that the Texas's notice-prejudice rule should be applied to his claim for benefits. The Steering Committee denied Garcia's appeal and "did not address any of Garcia's three legal arguments" in its decision. *Garcia v. Best Buy Stores L.P.*, No. 4:07-CV-851, 2009 U.S. Dist. LEXIS 82212, at *10 (S.D. Tex. Sept. 10, 2009). Garcia then brought suit in the district court, advancing the same arguments he made before the Steering Committee.

The case became "a procedural mess." *See id.* at *1–2. Eventually, Garcia moved for summary judgment. Best Buy opposed the motion, and Garcia filed a reply. The district court denied summary judgment and gave the parties two weeks to "present to the Court any reason why a final judgment should NOT be entered in this case." *Id.* at *10. Garcia filed a motion for reconsideration. Best Buy opposed the motion. The district court denied Garcia's motion to reconsider and entered final judgment in favor of Best Buy. Garcia timely appealed to this

court only as to the issue of whether Texas's notice-prejudice rule should be applied to his claim.

## STANDARD OF REVIEW

"The grant or denial of a motion for summary judgment is reviewed *de novo*." *Smith v. Am. Family Life Assur. Co. of Columbus*, 584 F.3d 212, 215 (5th Cir. 2009). Summary judgment is proper only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(a).

## DISCUSSION

### A.   Texas's Notice-Prejudice Rule

In 2008, the Texas Supreme Court clarified a somewhat-muddled area of Texas law and determined that an insured's failure to timely notify its insurer of a claim does not defeat coverage under the policy unless the insurer was prejudiced by the delay. *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 636–37 (Tex. 2008). In so doing, the Texas Supreme Court affirmed its earlier holding that "an immaterial breach does not deprive the insurer of the benefit of the bargain and thus cannot relieve the insurer of the contractual coverage obligation." *Id.* at 631. This court had previously noted that leading treatises recognized "a modern trend in favor of requiring proof of prejudice" and its belief that "the Texas Supreme Court would follow this modern trend." *Hanson Prod. Co. v. Americas Ins. Co.*, 108 F.3d 627, 631 (5th Cir. 1997).

Application of Texas's notice-prejudice rule to Garcia's claim would require Best Buy to demonstrate that it was prejudiced by Garcia's failure to report his injury within twenty-four hours. Best Buy did not make any showing of prejudice in either its initial denial of benefits or its denial of Garcia's appeal.

### B.   ERISA's Effect on Texas's Notice-Prejudice Rule

3

The parties do not dispute that the Plan is an employee benefit plan subject to ERISA. Generally, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" described in ERISA. 29 U.S.C. § 1144(a). "The pre-emption clause is conspicuous for its breadth." *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990). "As an exception, however, ERISA's so-called savings clause allows state laws 'which regulate insurance, banking, or securities' to survive ERISA preemption." *Ellis v. Liberty Life Assur. Co.*, 394 F.3d 262, 276 (5th Cir. 2004) (citing 29 U.S.C. § 1144(b)(2)(A)). For a state law to be deemed a "law . . . which regulates insurance" under the savings clause, "it must satisfy two requirements. First, the state law must be specifically directed toward entities engaged in insurance. Second . . . the state law must substantially affect the risk pooling arrangement between the insurer and the insured." *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341-342 (2003) (citations omitted). Finally, the "deemer clause" in 29 U.S.C. § 1144(b)(2)(B) "restricts the savings clause, as it exempts employee benefit plans from state regulation as insurance companies." *Custom Rail Emplr. Welfare Trust Fund v. Geeslin*, 491 F.3d 233, 235 (5th Cir. 2007).

In *UNUM Life Insurance Company v. Ward*, the Supreme Court determined that California's notice-prejudice rule is a "'law . . . which regulates insurance' and is therefore saved from preemption by ERISA."[1] 526 U.S. 358, 364

---

[1] In *Ward*, the Supreme Court applied a two-part test first announced in *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724 (1985), to determine whether an insurance law would be saved from preemption by virtue of the ERISA savings clause. *Ward*, 526 U.S. at 367. Briefly, that test required the court to determine first whether, "from a common-sense view of the matter, the contested prescription regulates insurance" and second, to address the "business of insurance as that phrase is used in the McCarran-Ferguson Act." *Id.* (quotations omitted). In *Miller*, the court made "a clean break from the McCarran-Ferguson factors" and announced the current test as stated above. *Miller*, 538 U.S. at 341–42.

Although *Ward* was decided under the former test, its holding that the California notice-prejudice rule triggers the savings clause remains sound. The Court observed that the

(1999). The Court noted that California's notice-prejudice rule prescribes "a defense based on an insured's failure to give timely notice [of a claim] requires the insurer to prove that it suffered actual prejudice. Prejudice is not presumed from delayed notice alone. The insurer must show actual prejudice, not the mere possibility of prejudice." *Id.* at 366–67 (alteration in original) (citation omitted). The district court properly determined that Texas's notice-prejudice rule "is not substantially different from California's [as described] in *Ward* "and properly concluded that Texas's rule "'regulates insurance' under the savings clause . . . and is applicable to ERISA-regulated plans." *Garcia*, 2009 U.S. Dist. LEXIS 82212 at *28.

The deemer clause, however, provides an important limitation. "We read the deemer clause to exempt self-funded ERISA plans from state laws that 'regulate insurance' within the meaning of the saving clause." *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990). "State laws that directly regulate insurance are 'saved' but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws." *Id.* The district court stated that "[i]t is undisputed that Best Buy's plan is self-insured," *Garcia*, 2009 U.S. Dist. LEXIS 82212 at *29, and accordingly concluded that Texas's notice-prejudice rule was not applicable to Garcia's claim.

## C.   **Waiver**

---

California notice-prejudice rule "by its very terms, is directed specifically at the insurance industry and is applicable only to insurance contracts" and that the rule "controls the terms of the insurance relationship." *Ward*, 526 U.S. at 368 (quotations omitted). In *Miller*, the Court affirmed that "[t]he notice-prejudice rule governs whether or not an insurance company must cover claims submitted late, which dictates to the insurance company the conditions under which it must pay for the risk that it has assumed. This certainly qualifies as a substantial effect on the risk pooling arrangement between the insurer and insured." *Miller*, 538 U.S. at 339 n.3.

On appeal, Garcia argues that the district court erred in entering final judgment in Best Buy's favor[2] and holding that ERISA preempts Texas's notice-prejudice rule for two reasons:

> 1) because "[t]he record does not include, and Best Buy Plan has never cited to, any evidence that the Best Buy is self-insured"; and

> 2) because "[p]reemption is an affirmative defense, and therefore must be pleaded. Best Buy never pleaded—indeed, never even argued—that preemption applies to the Texas notice-prejudice rule."

Best Buy argues that Garcia has waived these arguments. We agree.

Garcia has waived these arguments by not raising them before the district court. *Marco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009) ("[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal."). Garcia argues that he has relied upon the issue of the application of the notice-prejudice rule throughout this dispute. However, Garcia misapprehends waiver. He "may not advance on appeal new theories or raise new issues not properly before the district court to obtain reversal of the [final] judgment." *Dunbar v. Seger-Thomschitz*, 615 F.3d 574, 576 (5th Cir. 2010) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 (5th Cir. 1994) (en banc)). "We will not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances." *N. Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 916 (5th Cir. 1996). "Extraordinary

---

[2] Garcia's briefing mistakenly states that the district court granted summary judgment in favor of Best Buy. The record reflects that Best Buy never moved for summary judgment, but rather only opposed Garcia's own motion for summary judgment and motion for reconsideration. The district court did enter final judgment in Best Buy's favor, and the court will treat Garcia's appeal of the district court's (nonexistent) order "granting summary judgment in favor of Best Buy" as an appeal of the final judgment.

circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *Id.*

Before the district court, Garcia argued that 1) Texas's "Notice Prejudice Rule applies to the Plan under the savings clause of ERISA" and 2) "the Notice Prejudice Rule applies as a matter of federal common law." *Garcia*, 2009 U.S. Dist. LEXIS 82212 at \*26. In denying Garcia's motion for summary judgment, the district court held that, due to the deemer clause's limitation on the savings clause, "the Notice Prejudice Rule will not be applicable by virtue of state law to ERISA plans that are self-insured." *Id.* at \*29. The district court also declined to create federal common law and apply the notice-prejudice rule to all ERISA plans. *Id.* In the same order denying Garcia's motion for summary judgment, the district court gave the parties an opportunity to "present to the Court any reason why a final judgment should NOT be entered in this case." *Id.* at \*30. With the benefit of the district court's analysis and opinion, Garcia afforded himself this opportunity and moved the district court to reconsider its order. In his motion to reconsider, Garcia argued that *Ward*, *supra*, did not "prohibit the application of the notice-prejudice rule to self-insured plans." He further argued that insured and self-insured plans should be held to the same standard and that "[a]doption of notice prejudice as a [sic] federal common law would assure a consistency of treatments by the plans, the participates [sic], and the courts."

On appeal, Garcia has abandoned the argument that federal common law should be created to apply the notice-prejudice rule to all ERISA plans. *E.g., Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its *initial* brief on appeal."). Instead Garcia now recognizes that, under the deemer clause, "[s]elf-funded plans are merely

7

'deemed' to be insurers, and so are exempt from state laws and regulations, such as the notice-prejudice rule."

For the first time on appeal, Garcia advances two entirely new theories why Texas's notice-prejudice rule should be applied to the Plan. He now contends that there is no evidence in the record that the Plan is self-insured and, alternatively, that Best Buy waived preemption as an affirmative defense by failing to raise preemption in its answer. We decline to address these arguments. "'[T]he Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.'" *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (quoting *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996)). Nowhere in his multiple filings before the district court—which include a complaint, an amended complaint, a trial brief, a motion for summary judgment, a supplemental motion for summary judgment, a reply brief, and a motion for reconsideration—does Garcia ever assert the theories he advances on appeal.

In sum, Garcia seeks to try the notice-prejudice issue "anew because [he] has discovered a more attractive theory." *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 909 (5th Cir. 1987). But he has "waived [his] arguments not presented below" and "we will not disturb [the district court's] thoughtful decision on the basis of a legal theory asserted for the first time on appeal." *Id*. "The trial court cannot have erred as to matters which were not presented to it." *Gabel v. Lynaugh*, 835 F.2d 124, 125 (5th Cir. 1988). Garcia offered no reason why he did not present this theory to the district court and has made no showing that extraordinary circumstances exist such that his new theories should be explored for the first time on appeal.

## CONCLUSION

The judgment of the district court is AFFIRMED.