# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2011

No. 11-60046
Summary Calendar

Lyle W. Cayce
Clerk

JOHN WECKESSER; BARBARA WECKESSER, also known as Barbra Weckesser,

Plaintiffs–Appellants

v.

CHICAGO BRIDGE AND IRON; L.G. BARCUS AND SONS, INCORPORATED,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CV-357

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

John and Barbara Weckesser appeal the district court's denials of their motion for new trial and motion for reconsideration in their suit against Chicago Bridge & Iron and L.G. Barcus & Sons (collectively, the "Appellees") for private nuisance on multiple grounds. Because we find that these grounds are either not preserved or lack merit, we agree with the district court. Accordingly, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60046

AFFIRM the district court's orders denying the Weckessers' motions for new trial and for reconsideration.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The City of Biloxi, Mississippi, contracted with Chicago Bridge & Iron ("CBI") to build a water tower between the Weckessers' property and the railroad tracks that run next to their property.  CBI, in turn, subcontracted with L.G. Barcus & Sons ("Barcus") to install the auger piper foundation for the water tower.  According to the Weckessers' allegations, this auger pipe foundation installation damaged their property.  Specifically, the Weckessers, proceeding *pro se,* brought claims for negligence, gross negligence, private nuisance, and emotional distress.

This appeal concerns only the private nuisance claim because the district court disposed of the other claims prior to the motions for new trial and reconsideration.  The district court permitted the private nuisance claim to go to the jury, which returned a verdict in favor of the Appellees on October 19, 2010.  Subsequently, the Weckessers filed two motions—a motion for new trial on October 28, 2010, and a motion for reconsideration on April 27, 2011.  The district court treated the April 27 motion as a motion for reconsideration under Federal Rule of Civil Procedure 60(b) as it would have been untimely under Rule 59(e).  FED. R. CIV. P. 59(e).  The Weckessers appealed.

## II.  STANDARDS OF REVIEW

The decision on a motion for new trial "is generally within the sound discretion of the trial court." *Foradori v. Harris*, 523 F.3d 477, 503–04 (5th Cir. 2008) (quoting *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982)).  Therefore, "[w]e will reverse the trial court's denial of a motion for a new trial only when there is a clear showing of an abuse of discretion." *Id*. at 506–07 (internal quotations omitted).  This same abuse-of-discretion standard applies to review of motions for reconsideration under Rule 60(b).  *Hesling v. CSX*

No. 11-60046

*Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).

A Rule 59(a) motion for new trial may be granted for "any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1). Though undefined by the Rule, "[a] new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). Unlike a motion for new trial under Rule 59(a), however, Rule 60(b) only encompasses specifically enumerated grounds. Those grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Although we "liberally construe" the filings of *pro se* litigants and "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *pro se* appellants must still comply with the principles of appellate procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citations omitted). "It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered." *Stewart Glass & Mirror v. U.S. Auto Glass Discount Cntrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000). The same is true for claims that were raised but not properly presented below. *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340 (5th Cir. 1999). These

No. 11-60046

principles are only excepted where failure to consider the issues would result in "grave injustice." *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 100 (5th Cir. 1995).

## III.  DISCUSSION

### A.    Issue Preservation

The Weckessers raise ten grounds to justify a new trial: (1) difficulties associated with the audio in the trial courtroom; (2) prejudice caused from the unavailability of out-of-state witnesses when the trial date was changed; (3) withholding by Appellees of photographs allegedly showing the damage to the Weckessers' property; (4) exclusion of photographs allegedly showing the damage to  Weckessers' property for lack of authentication; (5) exclusion of satellite images of their property and surrounding area for lack of authentication; (6) admission of Mark White's testimony; (7) bias of the district court against them; (8) Appellees' failure to mitigate damages; (9) Appellees' failure to respond to the Weckessers' motions to compel; and (10) Appellees' failure to comply with the Federal Rules of Civil Procedure and the district court's orders.[1]  The Appellees contend that the Weckessers failed to preserve all of these grounds for this appeal, and so the first issue is to determine which of these grounds were properly preserved in the district court.

The Weckessers raised most of the grounds set forth in their appellate brief in either the motion for new trial or the motion for reconsideration.  They, however, failed to raise to the district court the three grounds of: exclusion of satellite images of their property and surrounding area for lack of authentication; Appellees' failure to mitigate damages; and Appellees' failure to comply with the Federal Rules and court orders.  As those were not presented

---

[1] The Weckessers' brief itself divides these grounds into upwards of twenty grounds. The Appellees read the brief as raising thirteen grounds.  This Court has consolidated sections that raise the same arguments into single grounds and found ten distinct grounds.

No. 11-60046

to the district court, we will not consider them here. In their motion for new trial, the Weckessers raised three of the grounds asserted here: difficulties associated with the audio in the trial courtroom; prejudice caused from the unavailability of out-of-state witnesses when the trial date was changed; and withholding by Appellees of photographs allegedly showing the damage to the Weckessers' property. As all of those are grounds that would tend to make the trial unfair to the Weckessers, those grounds are properly preserved and we will consider them in turn below. The Weckessers raised the remaining four grounds asserted here in their motion for reconsideration. Only one of these grounds—the Appellees' failure to respond to the Weckessers' motions to compel—can fit into one of Rule 60(b)'s categories, namely misconduct by an opposing party, and it is the only one preserved by that motion. This leaves the exclusion of photographs allegedly showing the damage to Weckessers' property for lack of authentication, the admission of Mark White's testimony, and bias of the district court against them as grounds not appropriately before this Court, and they will not be considered.[2] The four preserved grounds are considered below.[3]

---

[2] To be sure, Rule 60(b) does contain a catch-all provision, but this provision has been narrowly construed to apply only where "extraordinary circumstances" are present. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Such circumstances do not exist here to justify sacrificing "the principle of finality" that undergirds Rule 60(b). *Hesling*, 396 F.3d at 638 (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)).

[3] The Appellees urge that we dismiss the entirety of the Weckessers' appeal due to the Weckessers' failure to comply with Federal Rule of Appellate Procedure 28(a). The Weckessers did omit some sections in their initial brief to this Court required under the Rule, but they corrected these errors after being apprised of them by the clerk's office.

## B.    Preserved Issues

### 1.    Difficulties Associated with the Audio in the Trial Courtroom

The Weckessers allege that throughout the trial, and specifically during the testimony of White, difficulties with courtroom audio equipment caused them to "miss out on 30–40 percent of the testimony."  "[F]or a litigant to preserve an argument for appeal, it must 'press and not merely intimate the argument during the proceedings before the district court.'" *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 89 (5th Cir. 2011) (quoting *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994)).  The district court noted, however, that at no point during the two day trial did the Weckessers even raise this issue with the court.  In fact, the Weckessers admit the same in their brief to this Court.  In light of this, it does not appear that the district court abused its discretion in denying the Weckessers new trial motion on this front.

### 2.    Prejudice Caused from the Unavailability of Out-of-State Witnesses When the Trial Date Was Changed

The next preserved ground of the Weckessers is that they were prejudiced when the trial date was changed and they were unable to secure three out-of-state witnesses.  We note at the outset that "[t]he district court enjoys broad discretion in controlling its own docket." *Teal v. Eagle Fleet*, 933 F.2d 341, 346 (5th Cir. 1991).  The district court set the trial for October 18, 2010, at the August 13, 2010, pretrial conference.  Thirteen days prior to the previously set trial date, the district court entered an order postponing the trial date to October 25, 2010, due to a conflicting criminal trial.  After the conflict was resolved on October 13, the district court reset the trial for the original date of October 18.

The Weckessers argue that they could not secure the attendance of three witnesses as a result of this switch—Pam Pollick, John Weckesser Jr., and Mark Farris.  Two of these witnesses' testimony would have been completely irrelevant

6

to the issues in the trial.[4]  Since their testimony was irrelevant and would not have been admitted, there can be no prejudice from the change in trial date on account of the unavailability of these witnesses.  *See* FED. R. EVID. 402.  Pollick, however, intended to testify about the damage caused to the Weckessers' property, which on its face would have been relevant.  Unfortunately, it does not appear that the Weckessers raised the unavailability of Pollick to the district court but rather only the unavailability of John Weckesser Jr. and Mark Farris.  Therefore, that issue is not preserved and cannot be ruled on by this Court.  *Stewart Glass & Mirror*, 200 F.3d at 316–17.  In sum, there is no demonstrated prejudice to the Weckessers as a result of the change in the trial date, and therefore, the Weckessers cannot show any abuse of discretion on the part of the district court on this issue.

### 3.    Withholding by Appellees of Photographs Allegedly Showing the Damage to the Weckessers' Property

The Weckessers complain that the Appellees withheld photographs that showed damage to their property until two days before trial.  Unlike in their subsequent motion for reconsideration where the Weckessers also asserted error based on improper exclusion of the photographs, nowhere in the motion for new trial (on which basis this ground is preserved) do the Weckessers allege that the district court made any improper evidentiary ruling on the photographs.  As stated above, we hold *pro se* filings to a lesser standard than those of parties represented by counsel, but we cannot rule on an issue that was not

---

[4] John Weckesser Jr. was to testify about his father John Weckesser Sr.'s expertise in the construction business, which has no bearing on whether the Appellees damaged the Weckessers property.  FED. R. EVID. 401. Mark Farris, Barbara Weckesser's son, was to testify as to his mother's "anguish" and the Appellees' unreasonable incivility to her in this matter.  Since the district court dismissed the emotional distress claims before trial and the other evidence that Farris was to provide was intended to go to Appellees' bad character, Farris's testimony was not relevant to the jury's resolution of the issues in the Weckessers' suit.  FED. R. EVID. 401, 404.

appropriately before the district court. *Gabel v. Lynaugh*, 835 F.2d 124, 125 (5th Cir. 1988) ("Generally speaking, we are a court of errors and appeals; and the trial court cannot have erred as to matters which were not presented to it."). Thus, we can only look at whether the district court abused its discretion in not granting a new trial based on the alleged withholding of the photographs by the Appellees.

According to the Appellees, they only obtained these photographs three days before trial, and upon their receipt, they sent them to the Weckessers via overnight delivery. Though Barcus's counsel alluded to the photographs in his opening statement, the Appellees never tried to enter the photographs into evidence, and the jury did not see them. In fact, it was the Weckessers who tried to admit them into evidence. *Id.* Since the jury never saw these photographs and the issue of their admissibility is not properly before this Court, it cannot be said that the district court abused its discretion by denying a new trial on this ground.

### 4. Appellees' Failure to Respond to the Weckessers' Motions to Compel

The Weckessers also take issue with the district court's handling of discovery with respect to disclosures regarding Sellers. Assuming, as the district court did, that the Appellees did fail to respond to the district court's order on their motions to compel, the Weckessers cannot demonstrate that they suffered any prejudice as a result of this. Appellees provided all the information they had on Sellers, and the Weckessers "never argued at trial that [the Appellees] prevented them from calling a witness." Absent such a showing, we cannot say that the district court abused its discretion in denying the Weckessers' Rule 60(b) motion for reconsideration on this basis.

No. 11-60046

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of the Weckessers' motion for new trial and its denial of their motion for reconsideration.

AFFIRMED.