# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50339
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2014

Lyle W. Cayce
Clerk

ROJELIO GALINDO,

Plaintiff-Appellant

v.

LEO LAWRENCE ALTENBERG, Medical Doctor, in his Individual Capacity; NORMA AVILA, Medical Assistant, in her Individual Capacity; RICHARD THARP, Medical Doctor, in his Individual Capacity; MR. CHAVEZ, HSA, in his Individual Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CV-325

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rojelio Galindo, federal prisoner # 28523-077, appeals the district court's dismissal of his civil rights complaint against Dr. Leo Lawrence Altenberg (Dr. Altenberg), Medical Licensed Practitioner Norma Avila (MLP Avila), Dr. Richard Tharp (Dr. Tharp), and Health Services Administrator Chavez (HSA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50339

Chavez), in their individual capacities. He contends that the district court erred when it denied his motions for a 180-day extension of time to file objections to the magistrate judge's report recommending that the defendants' motion to dismiss or, alternatively, for summary judgment be granted, that his motion to voluntarily dismiss Dr. Tharp and HSA Chavez be granted, that his motion for a declaratory judgment be denied, and that the defendants' motion to strike his summary judgment evidence be denied as moot. According to Galindo, the denial of a 180-day extension conflicted with circuit precedent, violated his constitutional right to due process, and deprived him of meaningful court access. Specifically, he argues that his medical experts were prevented from filing papers showing that his life-long injuries were caused by Dr. Altenberg's refusal "to use the mandated MRI Diagnosis, in violation of the community standard of care, resulting in the deliberate indifference, unconstitutional BOP doctor misconduct by [Dr. Altenberg]."

The district court granted Galindo a 30-day extension of time to file objections to the magistrate judge's report and recommendation. However, instead of filing objections, he filed a second motion renewing his request for a 180-day extension. Galindo's assertion that a 180-day extension was necessary because his release from prison was imminent and his incarceration prevented him from retaining medical experts to support his claims is unavailing. Moreover, even if Galindo had submitted medical expert reports showing that the defendants violated the community standard of care by failing to obtain an MRI, negligence, medical malpractice, and disagreements with diagnostic measures are insufficient to give rise to a claim of deliberate indifference. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Finally, Galindo's conclusional allegations that the district court's denial of a 180-day extension conflicted with circuit

No. 13-50339

precedent, violated his constitutional right to due process, and deprived him of meaningful court access are insufficient to show that the district court abused its discretion when it denied his motions for a 180-day extension of time to file objections to the magistrate judge's report and recommendation. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

Galindo does not challenge the district court's determination that: (1) his claims against Dr. Tharp and HSA Chavez should be dismissed with prejudice; (2) he failed to state a claim against MLP Avila; (3) no reasonable factfinder could conclude that Dr. Altenberg refused to treat him, treated him incorrectly, or was otherwise deliberately indifferent to his serious medical needs; (4) no reasonable factfinder could conclude that Dr. Altenberg discontinued his medication in retaliation for the grievances he filed; (5) no reasonable factfinder could conclude that there was an unconstitutional cover-up in his grievance proceedings; (6) any claims under the Federal Tort Claims Act should be dismissed for failure to name the proper defendant and for lack of jurisdiction; and (7) he was not entitled to a declaratory judgment because he was no longer under Dr. Altenberg's care or incarcerated at the La Tuna Federal Correctional Institution in Anthony, Texas. Further, aside from conclusional allegations, Galindo does not address the district court's determination that his disagreement with the course of medical treatment and diagnostic measures did not evince deliberate indifference to his serious medical needs. These issues are therefore abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the district court's judgment is AFFIRMED.